# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** <br> **Brad Egbert and** <br> **Tamara Egbert,** <br><br> **Debtors.** | **Bankruptcy Case** <br> **No. 15-40922-JDP** |

_____

# MEMORANDUM OF DECISION
_____

## *Introduction*

On July 27, 2016, chapter 7[1] trustee, R. Sam Hopkins ("Hopkins"), objected to an amended claim of exemption in a tax refund filed by chapter 7 debtors Brad and Tamara Egbert ("Debtors"). Dkt. No. 67. Debtors responded to Hopkins' objection. Dkt. No. 77. Debtors and Hopkins submitted stipulated facts and exhibits, Dkt. No. 75, as well as memoranda to support their respective positions. Dkt. Nos. 76, 77. On September 6,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all references to "Rules" are to the Federal Rules of Bankruptcy Procedure, 1001-9037.

MEMORANDUM OF DECISION – 1

2016, the Court held a hearing concerning the matter, heard oral argument, and took the issues under advisement. Dkt. No. 78. Having now considered the record, evidence, the parties' arguments, as well as the applicable law, this Memorandum sets forth the Court's findings, conclusions and reasons for its disposition of the objection. Rules 7052; 9014.

*Facts*

Debtors filed a chapter 7 bankruptcy petition on September 25, 2015. Dkt. No. 1. In a letter dated May 2, 2016, Debtors' counsel notified Hopkins' counsel that Debtors had received a tax refund from the State of California. Stipulated Facts at Ex. 100, Dkt. No. 75. Hopkins' Counsel responded with a letter to Debtors' counsel dated May 6, 2016, requesting that Debtors turn over the refund to Hopkins because it was property of the bankruptcy estate. *Id.* at Ex. 101. When Debtors did not do so, on June 17, 2016, Hopkins filed a motion for turnover regarding the funds. Dkt. No. 50. Debtors opposed the motion, arguing that a portion of the tax refund is exempt. Dkt. No. 59. On July 8, 2016, Debtors also filed an

MEMORANDUM OF DECISION – 2

amended schedule B, listing a "Tax Refund" in the amount of $16,692.53, with a corresponding amended schedule C, claiming 75% of the tax refund exempt pursuant to Idaho Code § 11-207(1). Dkt. No. 61. Hopkins objected to Debtors' claim of exemption. Dkt. No. 67. Debtors filed a response on August 4, 2016. Dkt. No. 69.

On August 9, 2016, the Court held a hearing on Hopkins' Motion for Turnover of Property. Dkt. No. 70. At the hearing, Debtors' counsel revealed that Debtors had cashed the tax refund check and spent a portion of it, but that they would reimburse the amount spent and turn the amount reportedly received over to Hopkins. Stipulated Facts at ¶ 6, Dkt. No. 75. The Court entered an Order Granting Motion for Turnover of Property on August 23, 2016. Dkt. No. 73. In conformance with that order, Debtors sent a check to Hopkins for $16,692.53. Stipulated Facts at ¶ 7, Ex. 102.

On August 30, 2016, Debtors responded to Hopkins' discovery requests regarding the exemption claim, producing a copy of their California nonresident 2014 tax return relating to the tax refund.

MEMORANDUM OF DECISION – 3

Stipulated Facts at ¶ 8. A copy of the return is attached to the Stipulated Facts. *Id.* at Ex. 103. Apparently, Debtors are listed as the taxpayers on the tax return because they were the only members of Aspen Solar LLC, which was taxed as a partnership. Stipulated Facts Ex. 103 at 8. The income to which the refund relates represents payments made by Solcius, LLC to Aspen Solar LLC as commissions for sales of residential solar systems. *Id.*[2]

*Analysis and Disposition*

Debtors claim a portion of the tax refund exempt under the Idaho statute protecting their earnings from attachment by creditors. The Court has, on numerous occasions, explored the issue of whether bankruptcy debtors may claim an exemption in a tax refund under § 11-207(1) as "earnings" or "disposable earnings." *See, e.g., In re Virgin*, 04.2 IBCR 64 (Bankr. D. Idaho 2004); *In re Fernandez*, 97.3 IBCR 75 (Bankr. D. Idaho

---

[2] The return indicates that Debtors are entitled to a refund of $15,345. Stipulated Facts Ex. 103 at 11. At the hearing, neither counsel could explain the discrepancy in the amount claimed in the return as compared to the amount received by Debtors; they assumed it likely had to do with accrued interest on the refund.

MEMORANDUM OF DECISION – 4

Case 15-40922-JDP   Doc 83   Filed 10/11/16   Entered 10/11/16 09:44:25   Desc Main
                    Document      Page 5 of 13

1997); *In re Pew*, 97.3 IBCR 76 (Bankr. D. Idaho 1997). In each of these cases, the Court has held that tax refunds are not exempt under this statute. Under the stipulated facts here, the Court reaches the same conclusion.

Idaho has "opted-out" of the federal bankruptcy exemptions, meaning its citizens may access only those exemptions allowed under Idaho law. § 522(b); Idaho Code § 11-609. "Exemption statutes are to be liberally construed in favor of the debtor." *Virgin*, 04.2 IBCR at 65 (citing *In re Duman*, 00.3 IBCR 137 (Bankr. D. Idaho 2000)).[3]

To support their exemption claim, Debtors rely on Idaho Code § 11-207(1), which provides, in relevant part, that:

> [T]he maximum amount of the aggregate disposable earnings of an individual for any work week which is subjected to

---

[3] Under Rule 4003(c), Hopkins bears the burden of proving that Debtors' exemption is not properly claimed. However, the propriety of this Rule has recently been called into question, where under applicable state law, the debtor has the burden of proving that an exemption is proper. *In re Diaz*, 547 B.R. 329, 337 (B.A.P. 9th Cir. 2016); *In re Tallerico*, 532 B.R. 774, 776 (Bankr. E.D. Cal. 2015). The Court need not decide which approach is correct since, in this case, the facts are stipulated, and the Court concludes the outcome would be the same regardless of how the burden of proof is allocated.

MEMORANDUM OF DECISION – 5

> garnishment shall not exceed (a) twenty five percent (25%) of his disposable earnings for that week . . . .

I.C. § 11-207(1). As can be seen, this "75% exemption . . . is limited to 'disposable earnings,' which are defined to be 'that part of the earnings of any individual remaining after the deduction from those earnings of any amount required by law to be withheld.'" *Fernandez*, 97.3 IBCR at 75 (citing Idaho Code § 11-206(2)). Idaho law, in turn, defines earnings as "compensation paid or payable for personal services whether denominated as wages, salary, commission, bonus or otherwise." Idaho Code § 11-206(1).

> In *Fernandez*, this Court recognized that:
>
> [T]he Supreme Court of the United States, in interpreting the Consumer Credit Protection Act, an act containing definitions strikingly similar for earnings to those of Idaho, has held the terms "earnings" and "disposable earnings" do not include tax refunds but were "limited to 'periodic payments of compensation and (do) not pertain to every asset that is traceable in some way to such compensation."

*Fernandez*, 97.3 IBCR at 75 (citing *Kokoza v. Belford*, 417 U.S. 642, 651 (1974)); *see also Pew*, 97.3 IBCR at 76. Guided by the Supreme Court's decision, this

MEMORANDUM OF DECISION – 6

Court held that "the plain language of Idaho's statute lends itself to the same interpretation" thus holding that tax refunds are not "earnings" or "disposable earnings" as required under Idaho Code § 11-207 so as to allow debtors to claim an exemption in them.

Following *Fernandez*, the Court decided *In re Colling*, 03.1 IBCR 58 (Bankr. D. Idaho 2003). There, the Court stated that, given the Idaho Court of Appeals' decision in *Hooper v. State*, "it appears Idaho courts would allow an exemption in wages even when those earnings have been paid to the debtor and deposited in a bank account, so long as the debtor is able to trace the source of the exempt funds back to her wages." *Colling*, 03.1 IBCR at 60 (citing *Hooper v. State*, 908 P.2d 1252 (Idaho Ct. App. 1995)). As all of the funds in the bank account on the date of the petition were wages, the Court concluded that the debtor could claim an exemption under Idaho Code § 11-207 because the money was traceable to wages. *Id.*

Arguably, the Court's holding in *Colling* indirectly called into question the Court's reliance on the Supreme Court's definition of "earnings" when interpreting Idaho law in *Fernandez*. But the opportunity

MEMORANDUM OF DECISION – 7

to test the Court's holding in *Fernandez,* regarding the applicability of Idaho Code § 11-207 to tax refunds, came in *Virgin*, 04.2 IBCR 64. There, the Court stated that *Colling* "did not represent a significant departure from the approach taken in *Fernandez."* *Id.* at 65. It distinguished *Colling*, explaining:

> The exemption in *Colling* concerned funds deposited in a bank account wholly controlled by the debtor. Funds on deposit in the *Colling* account were not commingled with other monies in any way. In contrast, tax refunds represent a return of money paid to the government in the form of estimated taxes withheld from wages . . . . **Once Debtors' taxes were withheld and paid to the taxing authority, Debtors lost all control over the use of the funds. During the time Debtors' money was in the hands of the federal and state governments, it was presumably commingled with other government funds. In other words, the debtors lack the ability to trace the source of funds in [*Fernandez*] and in this case.** *See Hooper*, 908 P.2d at 1258 (explaining that if the funds are commingled to the point that it is impossible to separate exempt funds from nonexempt funds, the ability to trace the source of the funds is lost.)

*Id.* (emphasis added). The Court also reasoned that until a tax year ends, a debtor's right to a refund is contingent, at best, subject to taking the steps required to claim their refund. *Id.* Finally, the Court stated that:

MEMORANDUM OF DECISION – 8

> [T]he outcome in *Colling* was required in part by the decision of the Idaho Court of Appeals, which allowed a debtor to trace the source of monies on deposit in a bank account directly attributable to wages for purposes of Idaho Code § 11-207. No similar authority exists under either federal or state tax law, both of which preclude the ability of a debtor to trace tax refunds back to exempt assets. The Court commented on this aspect of tax law in *In re Reed*, 02.2 IBCR 98, 98 (Bankr. D. Idaho 2002), in which the Court denied an exemption claimed in tax refunds under Idaho Code, § 11-603(3) that the debtor argued were traceable to an otherwise exempt asset, in that case, the debtors' military pension benefits. **The Court noted that once the money is withheld and paid to the taxing authority, courts uniformly had concluded that the nature of the debtor's property interest changed.** *Reed*, 02.2 IBCR at 98 (citing additional authority).

*Virgin*, 04.2 IBCR at 65. (emphasis added)

Here, Debtors' tax refund has the same qualities as that examined in *Virgin*. Once the funds were withheld from Debtors' other earnings, they were paid to the State of California, the funds were presumably commingled with other government funds, leaving Debtors with a mere claim for a refund. In this process, Debtors' ability to trace the funds to their earnings was effectively destroyed. What were once Debtors' wages were converted into a claim against the government, something decidedly

MEMORANDUM OF DECISION – 9

different.  Simply put, when Debtors' earnings were withheld and paid over to the State of California, it changed the nature of Debtors' rights such that Idaho Code § 11-207(1) was inapplicable to the funds because they were no longer Debtors' earnings.

Debtors argue that, despite all of this, they can still trace the funds back to their wages through the assistance of the tax return, which establishes the amounts withheld, which matches up with the amount to be refunded.[4]  But this argument fails to appreciate that tracing does not focus solely on the *amounts* of money in question.  In order to successfully "trace" the funds, Debtors must show that the funds they received from California are the same funds that were originally withheld from their earnings.  Since there is nothing in the record to show that Debtors' funds were segregated, and because their funds were almost certainly commingled with other funds held by the State of California, this is

---

[4] Technically, it appears that the funds withheld and sent to the State of California came from the earnings of Debtors' wholly-owned company, Aspen Solar LLC, not from Debtors' individual "wages".  But given the decision by the Court that, even if these funds were withheld from Debtors' earnings, they do not qualify as exempt, the Court need not explore this distinction.

MEMORANDUM OF DECISION – 10

impossible.

Debtors raise another interesting argument. While not covered in the Stipulated Facts, they claim that the refund is for monies that Solcius LLC withheld from the commissions due Aspen Solar LLC without their knowledge and with no legal basis to do so. Debtors rely on the fact that the State of California eventually decided to return the money as proof that these funds should not have been withheld in the first place. Because of this, Debtors argue that the tax refund should still be considered "disposable earnings" because they were not "required by law to be withheld."

While perhaps a thoughtful argument, it again takes aim at the wrong question. Recall, the "required by law to be withheld" language in the statute is found in the definition, and then used in the calculation of, "disposable earnings" as a portion of a debtor's "earnings". Presumably, if a portion of a debtor's earnings was withheld when not "required by law," then that withholding would not be deducted in the "disposable earnings" calculation, which would provide a larger exemption in any earnings the

MEMORANDUM OF DECISION – 11

debtor actually received. This logic may have assisted Debtors in claiming a larger exemption in the commissions they originally received from Solcius, LLC, but this question is not before the Court. The question presented here is whether the funds returned to Debtors in the form of the tax refund are "earnings" at all. As explained by this Court in *Reed*, at the time of withholding, the essence of the monies withheld changes. *Reed*, 02.2 IBCR at 98. In other words, under these facts, a metamorphosis of sort occurs, in that funds that were once wages, now represent a claim for overpayment of taxes. Once paid to the State, the money belongs to the government. And, once the funds are acquired by the government, the debtor is left with "only [a] claim against the treasury to receive that money" in the form of a tax refund. *Id.* at 99. Because of this, the Court concludes that whether the funds were rightfully paid to the State of California or not, the nature of Debtors' property interest in the funds changed such that they were no longer "earnings" or "disposable earnings" for purposes of Idaho Code § 11-207(1).

*Conclusion*

MEMORANDUM OF DECISION – 12

For these reasons, the Court concludes that, even under these somewhat unique circumstances, the California tax refund is not "earnings" or "disposable earnings" such that Debtors may exempt them under Idaho Code § 11-207(1). Hopkins' objection to Debtors' amended claim of exemption will be sustained and the exemption claim disallowed in a separate order.

Dated: October 11, 2016

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 13